IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN NEWLAN,

           Plaintiff,           Civil Action No. 3:18-CV-22

      v.                           **JURY TRIAL DEMANDED**

NORFOLK SOUTHERN RAILWAY COMPANY,    **ELECTRONICALLY FILED**

           Defendant.

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

AND NOW, comes Defendant, Norfolk Southern Railway Company, by its attorneys, Dickie, McCamey & Chilcote, P.C., J. Lawson Johnston and Scott D. Clements, and files the within Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. In answer to the averments of Paragraph 1, it appears that a different individual than Plaintiff is referred to, and as such, requires no answer of Defendant.

2. Admitted.

3. While it is admitted that Plaintiff alleges a cause of action under the Federal Employers Liability Act, 45 U.S.C. §§ 51-60, it is denied that the Plaintiff has a viable cause of action under this Act, and strict proof thereof is demanded.

4. In answer to the averments in Paragraph 4, it is generally admitted that Norfolk Southern has been engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the state of Pennsylvania, and other states of the United States.

5. In answer to the averments in Paragraph 5, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

6. In answer to the averments in Paragraph 6, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

7. In answer to the averments in Paragraph 7, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

8. In answer to the averments in Paragraph 8, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

9. In answer to the averments in Paragraph 9, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

10. In answer to the averments in Paragraph 10, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

11. In answer to the averments in Paragraph 11, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

12. In answer to the averments in Paragraph 12, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

13. In answer to the averments in Paragraph 13 after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

14. In answer to the averments in Paragraph 14, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

15. In answer to the averments in Paragraph 15, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the said averments, and wherefore, same are denied and strict proof thereof is demanded.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice and costs.  In further answer, Defendant sets forth the following:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant hereby pleads Plaintiff's contributory negligence in diminution of any damages Plaintiff may ultimately recover, pursuant to applicable statutes and laws.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant pleads that Plaintiff may have failed to mitigate damages as required by law.  Accordingly, should Plaintiff prove any injuries or damages, which are

specifically denied, then said injuries or damages must be reduced in proportion to the degree in which Plaintiff failed to mitigate such damages.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's injuries and/or damages, if proven, but which are specifically denied, were caused by intervening, superseding acts, omissions and/or other culpable conduct of a person, party and/or entity over which defendant had no right or duty of control and for which Defendant cannot be held liable.

### FIFTH AFFIRMATIVE DEFENSE

5. Some or all of Plaintiff's claims may be barred by the doctrines of preemption and/or preclusion.

### SIXTH AFFIRMATIVE DEFENSE

6. To the extent discovery reveals the same to be appropriate, Defendant raises the applicable statute of limitations as a bar to Plaintiff's claims.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendant pleads that Plaintiff's alleged injuries and damages were caused in whole or in part by preexisting conditions or other contributory or concurrent conditions and factors, including events occurring prior or subsequent to the occurrences claimed by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendant alleges Plaintiff's Complaint is or may be barred by the doctrine of laches, estoppel, spoliation and/or release.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendant pleads that Plaintiff's alleged injuries, if any, and which are denied, are the result of problems or causes unknown for which Defendant is not responsible.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendant asserts that it is entitled to a lien or set-off for any advancements made or sums paid by the Railroad Retirement Board or any other entity, prior to the settlement or disposition of this case.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice.

**JURY TRIAL DEMANDED**

    Respectfully submitted,

    DICKIE, McCAMEY & CHILCOTE, P.C.

    By: /s/ J. Lawson Johnston
        J. Lawson Johnston, Esquire
        PA I.D.  #19792
        Scott D. Clements, Esquire
        PA I.D. #78529

        Two PPG Place, Suite 400
        Pittsburgh, PA  15222-5402
        (412) 281-7272

        Counsel for Defendant,
        Norfolk Southern Railway Company

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2018, I filed the foregoing Answer and Affirmative Defenses with the Clerk using the CM/ECF System, which will send notification of such filing to the following:

Voci R. Bennett, Esquire
Keller & Goggin, P.C.
1528 Walnut Street, Suite 900
Philadelphia, PA 19102

DICKIE, McCAMEY & CHILCOTE, P.C.

By: /s/ J. Lawson Johnston
    J. Lawson Johnston, Esquire
    Scott D. Clements, Esquire

Counsel for Defendant,
Norfolk Southern Railway Company

6853346.1