IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEVEN NEWLAN, | ) | Case No. 3:18-cv-22 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

This case arises from Plaintiff Steven Newlan's alleged shoulder injuries sustained in the course of his employment with Defendant Norfolk Southern Railway Company. Pending before the Court is Defendant's Motion to Enforce Settlement (ECF No. 36) based on an agreement that the parties purportedly reached on August 22, 2019. Plaintiff disputes the enforceability of the settlement agreement, arguing that he never agreed to release the claims that the settlement agreement purports to release. The Motion is fully briefed (ECF Nos. 37, 38-2, 42) and ripe for disposition. For the reasons that follow, the Court **DENIES** Defendant's Motion.

### II. Jurisdiction and Venue

This Court has subject-matter jurisdiction because Plaintiff's claims arise under federal law, specifically the Federal Employers' Liability Act ("FELA"). 28 U.S.C. § 1331; 45 U.S.C. § 51. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania. 28 U.S.C. § 1391(b)(2).

## III. Background

The following facts are undisputed unless otherwise noted.[1]

On February 1, 2018, Plaintiff filed a Complaint (ECF No. 1), which Defendant answered on April 2, 2018 (ECF No. 8). Mediation was scheduled for May 21, 2019. (ECF No. 37 at 2.) On May 20, 2019, the day before mediation in this case, Kate Kiel, a claim agent for Defendant sent a copy of a proposed release to Plaintiff's counsel via email. (*Id.*) This proposed release did not have any settlement values included, but stated that it would release Defendant from all claims stemming from Plaintiff's employment with Defendant. (*Id.*) The parties conducted mediation the following day, which did not result in a settlement. (*Id.*)

On August 19, 2019, Plaintiff's counsel asked Ms. Kiel to send him the release that he could show to Plaintiff. (*Id.* at 3.) On August 21, 2019, Plaintiff's counsel told Defense counsel that he knew this case would settle. (*Id.*) Ms. Kiel later sent Plaintiff's counsel a copy of the release, which was the same release sent to Plaintiff's counsel in May 2019, but with the addition of the settlement amount. (*Id.*) Plaintiff's counsel replied the next day, stating only that "Newlan is settled at [dollar amount]. I will let the Court know." (*Id.* at 3.)

On August 22, 2019, Plaintiff filed a Notice of Settlement (ECF No. 32), stating that the matter had been settled by the parties but that the settlement had not yet been consummated. On August 23, 2019, the Court ordered that the "action is dismissed without costs and without

---

[1] Plaintiff states that there are several disputed factual inaccuracies in Defendant's recitation of events leading to the events at issue but does not specify which ones. (*See* ECF No. 38-2 at 1.) Plaintiff agrees, however, that Defendant sent him a proposed release agreement prior to mediation, Plaintiff agreed to the dollar amount of the settlement for his shoulder case, that he would not return to work, and that the settlement agreement was confidential. (*Id.*) The Court therefore accepts Defendant's rendition of the facts as true for the purpose of the Motion to Enforce Settlement.

-2-

prejudice to the right of either party, upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated." (ECF No. 33.) The Court also retained jurisdiction over the settlement agreement. (*Id.*)

On October 22, 2019, Plaintiff filed a letter to the Court requesting a telephone conference to discuss a dispute regarding language in the release and to "hopefully consummate settlement of this matter." (ECF No. 34.) Plaintiff had not signed the settlement agreement and release and asserted that the language in the lease was overly broad and was not what he had bargained for. (*Id.*) The Court held the conference on October 31, 2019, and the parties did not reach a resolution of the dispute. (ECF No. 35.) On November 7, 2017, Defendant filed a Motion to Enforce Settlement (ECF No. 36), which Plaintiff opposed (ECF No. 38). Defendant replied to the opposition on December 18, 2019. (ECF No. 42.)

## V. Legal Standard

Federal courts have inherent power to enforce and consider challenges to settlements entered into in cases filed with the court. *Fox v. Consol. Rail Corp.*, 739 F.2d 929, 932 (3d Cir. 1984). In order to prevail on a motion to enforce settlement, the moving party must essentially meet the summary judgment standard, namely it must satisfy the court that there are no disputed issues of material fact as to the validity of the settlement agreement and that the agreement is valid as a matter of law. *Tiernan v. Devoe*, 923 F.2d 1024, 1032 (3d Cir. 1991) (citing Fed. R. Civ. P. 56(c)).

## VI. Discussion

### A. The Parties' Arguments

Defendant asserts that the parties have reached a valid settlement according to the terms of the release and settlement agreement. (ECF No. 37 at 6.) Defendant states that Plaintiff's

counsel was in possession of the written terms of the settlement agreement for months and requested a copy to review with Plaintiff. (*Id.*) Defendant argues that Plaintiff accepted the settlement offer and notified the Court that the parties had reached a settlement on August 22, 2019. (*Id.*) Defendant also asserts that the language in its release was not overly broad in violation of FELA and was the agreement that the parties had bargained for. (*Id.* at 9.)

Plaintiff asserts that the release presented to him is not the standard release in every FELA case and was not what he agreed to when the parties discussed settling the case. (ECF No. 38-2 at 1.) Plaintiff contends that the release he was given was too broad in that it released Defendant of liability from claims that have no relation to the events surrounding his shoulder injury. (*Id.*) Plaintiff points to the release in *Becher v. Norfolk Southern Railway Co.*, No. 2:17-cv-941 (W.D. Pa. 2017), a similar workplace injury FELA case in which the parties' counsel in this case were also counsel in that case, to show that the release in that case was narrower than the present release in that it was tailored to claims stemming only from those relating to the specific workplace injury at issue in the suit. (*Id.*) Plaintiff asserts that the settlement agreement was not consummated on August 22, 2019, as Plaintiff indicated to the Court in his letter. (*Id.* at 2.) Plaintiff argues that at that time, he only agreed to settle his claim for the agreed upon sum and that he would not be returning to work for Defendant; he never agreed to the terms of the release. (*Id.*)

### B. There Was No Mutual Assent to the Parties' Alleged Settlement Agreement

The validity and enforceability of settlement agreements is governed by state contract law. *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 582 (3d Cir. 2009). A settlement agreement is enforceable only if: (1) the parties have manifested an intention to be bound by its terms, and (2) those terms are sufficiently definite to be specifically enforced. *Lombardo v. Gasparini Excavating*

*Co.*, 123 A.2d 663, 666 (Pa. 1956). To manifest an intention to be bound by an agreement, there must be a meeting of the minds of the parties on all the terms of the settlement agreement. *Mazzella v. Koken*, 739 A.2d 531, 536 (Pa. 1999). Intent of the parties is evidenced by outward and objective manifestations of assent, not undisclosed and subjective intentions. *Espenshade v. Espenshade*, 729 A.2d 1239, 1243 (Pa. Super. Ct. 1999).

Here, the release and settlement agreement never became an enforceable contract because the parties did not mutually assent to the agreement. Although Defendant tendered a settlement offer to Plaintiff, Plaintiff never accepted the offer. Plaintiff's counsel's statement that "Newlan is settled at [dollar amount]" was not an acceptance of the settlement offer because Plaintiff did not assent to all of the material terms of the agreement. Plaintiff only assented to one material term, the settlement dollar amount. The communications between the parties do not indicate that Plaintiff ever agreed to the terms of the release, particularly its breadth. There was no meeting of the minds on all of the terms of the settlement agreement. Plaintiff only agreed to settle his shoulder injury claim at a certain dollar amount; he did not agree to release all possible claims stemming from his employment with Defendant. Further, Plaintiff stated that the agreement had not been consummated, indicating that he had not yet assented to the terms of the release.

Defendant has not shown that Plaintiff read the release or that he agreed to be bound by the release and his refusal to sign the release shows otherwise. Moreover, the parties' positions on settlement relayed to the Court at the telephone conference on October 31, 2019, further show that there had not yet been a meeting of the minds regarding the settlement and that Plaintiff never agreed to sign the release.

-5-

Accordingly, because the parties never mutually assented to the settlement agreement and the release, no enforceable contract exists between the parties.

## VII. Conclusion

For the forgoing reasons, the Court denies Defendant's Motion to Enforce Settlement.[2]

An appropriate order follows.

---

[2] The Court makes no determination as to whether the proposed release itself is overly broad and therefore unenforceable under § 5 of FELA. Section 5 invalidates releases that are not "limited to those risks which are known to the parties at the time the release is signed." *Wicker v. Consol. Rail Corp.*, 142 F.3d 690, 701 (3d Cir. 1998).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| STEVEN NEWLAN, | ) | Case No. 3:18-cv-22 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 19th day of December, 2019, upon consideration of Defendant's Motion to Enforce Settlement (ECF No. 36), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said Motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE